IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Matthew Heath, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:17-1792-RMG |
| | ) | |
| vs. | ) | |
| | ) | |
| College of Charleston, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

This matter comes before the Court on Plaintiff's motion to restore this case to the trial docket and to compel the production of certain discovery Plaintiff asserts is relevant to his claim. (Dkt. Nos. 104, 105). Defendants oppose both motions. The Court heard oral argument on these motions on March 4, 2019.

The Court was advised in early November 2018 that the parties had reached a settlement, conditioned on a forensic examination of certain communication devices to determine whether representations made by Defendant Matt Roberts in a sworn affidavit were truthful. (Dkt. Nos. 96-2, 96-3). Defendant Roberts stated in an affidavit that he did not communicate with the future baseball coach of the College of Charleston, Chad Holbrook, between January 1, 2017 and July 1, 2017 "in any regard" concerning the possibility that the incumbent baseball coach, Matthew Heath, might be replaced or whether Holbrook might be interested in the head coaching position at the College of Charleston. (Dkt. No. 96-3).

The Court entered a *Rubin* order on November 2, 2018, which dismissed the case but allowed either party to restore the case to the docket within sixty days. (Dkt. No. 95). At the parties' request, a second *Rubin* order was entered on January 2, 2019. (Dkt. No. 103).

Plaintiff's effort to conduct a forensic examination of Defendant Robert's phone revealed that data from the relevant time period had been deleted because the phone was programmed to retain messages for only thirty days. (Dkt. No. 101-2 at 3).

Plaintiff subsequently obtained a forensic examination of Holbrook's cell phone, which revealed that he had informed his father during the time period in which Defendant Roberts asserted he had no communications with Holbrook as follows: "Don't say anything but Matt Roberts really want [sic] me to come be his baseball coach at the College of Charleston. I'm thinking about it strongly. Please don't say anything." (Dkt. No. 101-2 at 4).

Plaintiff now seeks to restore this action to the active docket and to compel the production of certain discovery that he asserts is relevant to his claims against the Defendants. The Defendants oppose the motion to reopen the case. The Court's *Rubin* order plainly allows either party "to reopen this action and restore it to the calendar." (Dkt. No. 95). The motion to reopen the case is granted. (Dkt. No. 105).

The Court further finds that under the present circumstances, further forensic examination potentially relevant to this case is warranted. The Court grants Plaintiff's motion to compel as follows:

1. Defendants are to make available to Plaintiff's forensic examiner the "second hard drive" of Defendant Roberts within fifteen days of this order. The examination may fully explore the full contents of the hard drive as deemed necessary by Plaintiff's forensic examiner and such examination may be conducted away from the College of Charleston.

2. Plaintiff's forensic examiner may examine the computer, phone, tablet, or other electronic device of Holbrook covering the time relevant to this case.

3. Plaintiff's forensic examiner may inspect the College of Charleston's email server regarding any communications between Defendant Roberts and Holbrook during the relevant time period.

Any person reviewing the content of the material ordered to be produced pursuant to this order must be shown the Court's Confidentiality Order (Dkt. No. 67) and sign a statement stating his or her awareness of the obligations of confidentiality contained in the order. By separate order, the Court will issue a new scheduling order.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

March 4, 2019
Charleston, South Carolina